2011 WY 69

**BOARD OF PROFESSIONAL RESPONSIBILITY, Wyoming State Bar, Petitioner,**

v.

**Clark D. STITH, Attorney No. 6–3176, Respondent.**

No. D–11–0002.

Supreme Court of Wyoming.

April 20, 2011.

**ORDER OF PUBLIC CENSURE**

[¶ 1] **This matter** came before the Court upon the Board of Professional Responsibility's "Findings of Fact, Conclusions of Law, and Recommendations," filed herein February 4, 2011. The Court, after a careful review of the Board of Professional Responsibility's Findings of Fact, Conclusions of Law, and Recommendations; Respondent's "Objection to Recommendation of the Board of Professional Responsibility and Brief of Respondent Clark D. Stith, *pro se* "; the "Brief of Bar Counsel"; and the file, finds that the "Findings of Fact, Conclusions of Law, and Recommendations" should be approved, confirmed and adopted by the Court, and that Respondent Clark D. Stith should be publicly censured in the manner set forth in the "Findings of Fact, Conclusions of Law, and Recommendations." It is, therefore,

[¶ 2] **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's "Findings of Fact, Conclusions of Law, and Recommendations," which is attached hereto and incorporated herein (without attachments concerning costs), shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶ 3] **ADJUDGED AND ORDERED** that Mr. Stith is hereby publicly censured for his conduct, which is described in detail in the "Findings of Fact, Conclusions of Law, and Recommendations"; and it is further

[¶ 4] **ORDERED** that, pursuant to Section 26 of the Disciplinary Code for the Wyoming State Bar, Mr. Stith shall reimburse the Wyoming State Bar the amount of $6,945.90, representing the costs incurred in handling this matter, as well as pay the administrative fee of $500.00. Mr. Stith shall pay the total amount of $7,445.90 to the Clerk of the Board of Professional Responsi-

bility on or before May 20, 2011; and it is further

[¶5] **ORDERED** that the Clerk of this Court shall docket this Order of Public Censure, along with the incorporated "Findings of Fact, Conclusions of Law, and Recommendations," as a matter coming regularly before this Court as a public record; and it is further

[¶6] **ORDERED** that, pursuant to Section 4(c) of the Disciplinary Code for the Wyoming State Bar, this Order of Public Censure, along with the incorporated "Findings of Fact, Conclusions of Law, and Recommendations" shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶7] **ORDERED** that the Clerk of this Court cause a copy of the Order of Public Censure to be served upon Respondent Clark D. Stith; and it is further

[¶8] **ORDERED** that the Clerk of this Court transmit a copy of this Order of Public Censure to members of the Board of Professional Responsibility and to the clerks of the appropriate courts of the State of Wyoming.

[¶9] **DATED** this 20th day of April, 2011.

By the Court:

/s/ MARILYN S. KITE
Chief Justice

D–11–0002

### BEFORE THE BOARD OF PROFESSIONAL RESPONSIBILITY

### WYOMING STATE BAR

### STATE OF WYOMING

*In the matter of CLARK D. STITH, WSB Attorney No. 6–3176, Respondent.*

*Docket No. 2010–025*

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND RECOMMENDATIONS

The Board of Professional Responsibility makes the following report and recommendation, with its findings of fact, conclusions of law, and recommendation to the Supreme Court of Wyoming, following hearings on 2 December 2010 and 17 December 2010:

### FINDINGS OF FACT

1. Respondent, Clark D. Stith, is an attorney licensed to practice law in Wyoming since 1997. (Formal Charge and Answer, 1.)

2. Hearing Exhibits 1, 2, 3, 4, 5, and 6 were stipulated into evidence. Respondent's Exhibits A, B, D, E, F, and J were also admitted.

3. Respondent was retained by James R. Simms, the sole shareholder of PyroTechs, Inc., to represent PyroTechs, Inc., in *Historic Hotels of Wyoming, LLC v. PyroTechs, Inc.,* Carbon County Civil Action No. CV 09–172. William Hiser represented Plaintiff. (Formal Charge and Answer, ¶2.)

4. Respondent served his disclosures pursuant to Rule 26 of the Wyoming Rules of Civil Procedure on 27 October 2009. In response to the requirement in Rule 26(a)(1)(D) to provide "For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment," Respondent stated, "Not applicable." (Formal Charge and Answer, ¶3, Hearing Exhibit 1.)

5. Prior to service of the Rule 26 disclosures in October 2009, Simms told Respondent that he did have insurance, but did not want to submit the claim to the insurer as his premiums might increase. (Formal Charge and Answer, ¶4, transcript of hearing, pp. 178–179.)

6. Jeffrey Donnell, District Judge, Second Judicial District was called as a witness by the Petitioner. (Trans of hearing, Donnell testimony, pp 27–28)

7. Kate Fox, attorney, was called as a witness by the Petitioner. Kate Fox has been licenses as an attorney since 1989. After working as a clerk for one year for Federal District Court Judge

Brimmer, she has practiced general litigation in state and federal court. (Trans of hearing, Fox testimony, pp. 101–104)

8. Rule 26(a)(1)(D) requires that insurance that may be available to pay a judgment or reimburse someone who has made payments on a judgment be disclosed even if the party has chosen not to submit the claim to his insurance company. (Trans of hearing, Donnell testimony, pp. 30–32.)

9. Respondent's client telling him that he did not want to turn the claim in to his insurer did not eliminate the requirement under Rule 26(a) to disclose the existence of insurance at that time. Rule 26(a)(1)(D) requires that insurance that may be available to pay a judgment or reimburse someone who has made payments on a judgment be disclosed even if the party has chosen not to submit the claim to his insurance company. (Trans of hearing, Donnell testimony, p. 32; Fox testimony, p. 104.)

10. Kate Fox testified that it is important for a plaintiff to know of the existence of insurance to pay the claim to be able to evaluate the case. Rule 26(a)(1)(D) requires that insurance that may be available to pay a judgment or reimburse someone who has made payments on a judgment be disclosed even if the party has chosen not to submit the claim to his insurance company. (Trans of hearing, Fox testimony, pp. 105–106.)

11. Respondent testified he did not reveal the existence of insurance because he believed he was not required to do so as long as his client told him he did not intend to tender the claim to his insurer because that meant the insurance company was not obligated to pay any judgment. Respondent also testified that he believed revealing the existence of insurance, in a case with a small value, would distort or otherwise inflate the value of the case. (Trans of hearing, Stith testimony, pp. 177–178, 204–205.)

12. Respondent did not contact any other attorney for advice in regard to his obligations under the facts of this case and Rule 29(a), nor did he try to find case law on the subject, nor did he review any ethics opinions in the area. (Trans of hearing, Stith testimony, pp. 183–184.)

13. On or about 22 February 2010, Respondent made a settlement offer to Hiser of $1,000.00 and told him that this money was not coming from any insurance. (Answer, ¶ 5.)

14. Respondent intimated in that conversation with Hiser that Simms had no insurance. He specifically stated that Simms had no money to pay a judgment and had outstanding liens and judgments. Respondent further indicated that he could make a $1000 settlement offer because his client could borrow that amount from another party. (Trans of hearing, Hiser testimony, pp. 72–74.)

15. Hiser researched the information provided by Respondent during the 22 February 2010 conversation and determined that indeed Simms' financial picture was as represented by Respondent however, no further inquiry was made into insurance as Hiser relied on the initial disclosure for the fact that no insurance policies provided coverage. (Trans of hearing, Hiser testimony, pp. 74–75.)

16. Trial was set for 18 March 2010. (Formal Charge and Answer, 8.)

17. On 25 February 2010, Simms informed Respondent that he had changed his mind and did want to tender the claim to his insurer. Nautilus Insurance contacted Respondent on 5 March 2010, but did not commit at that time whether it would provide coverage given the late date of the tender of the claim. (Formal Charge and Answer, 9; Hearing Exhibit 7.)

18. On 12 March 2010, Respondent sent an e-mail to Hiser stating that "Pyro-Techs offers to pay $3,000 to Elk

Mountain Hotel to settle." Respondent did not mention that the amount would be paid by insurance, even though he knew that insurance would pay. (Trans of hearing, Stith testimony, pp. 188; Hearing Exhibit 2.)

19. Additional settlement discussions were held on 15 and 16 March 2010 between Respondent and Hiser. Respondent did not, at the time, amend his Rule 26 disclosures nor did he mention that the claim had been tendered to Simms' insurer at any time during these settlement negotiations. (Formal Charge and Answer, ¶ 10.)

20. Judge Donnell testified that Rule 26(e) requires that discovery responses be supplemented as appropriate which is not driven by time, but by the circumstances of the matter. (Trans of hearing, Donnell testimony, pp. 3334.)

21. Judge Donnell testified that Respondent should have disclosed the existence of insurance to Hiser before settlement was reached. (Trans of hearing, Donnell testimony, pp. 34–35.)

22. The morning of 17 March 2010, a settlement was agreed upon and placed on the record with the court. Based on the financial condition of Simms, the parties agreed that the claims would be settled for $4,481.21 if the payment was received in 21 days. If payment was not so received, judgment in the amount of $7,200 would be entered against defendant. According to the transcript of the settlement placed on the record, after Hiser stated that "PyroTechs will pay . . .," Respondent corrected him and restated the settlement as "A" payment will be made on behalf of PyroTechs . . . "Still, Respondent said nothing about insurance to Riser at the time settlement was finalized. (Hearing Exhibit J.)

23. On 17 March 2010, after the settlement had been finalized, Respondent served a "Supplemental Rule 26(a)(1) Disclosures of Defendant Pyrotechs, Inc." which changed the response to subsection 26(a)(1)(D) to read, "Nautilus Policy No. NC747326. Counsel for Defendant recently learned that Defendant had insurance coverage during the applicable period of time." (Formal Charge and Answer, ¶ 12, Hearing Exhibit 4.)

24. On 23 March 2010, Hiser received a check for the $4,481.21 settlement from Nautilus Insurance. (Formal Charge and Answer, ¶ 13, Hearing Exhibit 6.)

25. At the second phase of the hearing on December 17, 2010, Richard Honaker testified as to the good reputation of Respondent, both in the community and from his personal observation in mediating several cases involving Respondent and in working as co-counsel with Respondent.

## CONCLUSIONS OF LAW

26. Rule 26(a)(1) of the Wyoming Rules of Civil Procedure provides, in part: "(1) Initial Disclosures–Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated in writing or directed by order, a party must, without awaiting a discovery request, provide to other parties: . . .

(D) For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment."

27. Rule 26(a)(1) WRCP requires that insurance that maybe available to pay a judgment or reimburse someone who has made payments on a judgment be disclosed even if the party has chosen not to submit the claim to his insurance company.

28. Rule 3.4 of the Wyoming Rules of Professional Conduct states in pertinent part:

A lawyer shall not:

(c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists;

29. Respondent violated Rules 3.4(c) by knowingly failing to disclose the existence of insurance which "may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment" in October 2009 as required by Rule 26(a)(1)(D) of the Wyoming Rules of Civil Procedure and in March 2010 as required by Rule 26(e) of the Wyoming Rules of Civil Procedure.

30. Rule 3.1(c) of the Wyoming Rules of Professional Conduct states:

(c) The signature of an attorney constitutes a certificate by him that he has read the pleading, motion, or other court document; that to the best of his knowledge, information, and belief; formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

31. Respondent violated Rule 3.1(c) by signing the Rule 26 disclosures when he knew that the information contained therein was not accurate and was not "well grounded in fact" since it failed to disclose existence of insurance which "may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment" as required by Rule 26(a)(1)(D) of the Wyoming Rules of Civil Procedure.

32. Rule 8.4 of the Wyoming Rules of Professional Conduct states in pertinent part:

It is professional misconduct for a lawyer to:

(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

* *

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice.

33. Respondent violated Rules 8.4(a), 8.4(c), and 8.4(d) by knowingly failing to disclose existence of insurance in which "may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment" in October 2009 as required by Rule 26(a)(1)(D) of the Wyoming Rules of Civil Procedure and in March 2010 as required by Rule 26(e) of the Wyoming Rules of Civil Procedure.

34. ABA Standards for Imposing Lawyer Sanctions 9.1 provides for consideration of aggravating and mitigating circumstances in deciding on an appropriate sanction. Section 9.21 defines aggravating circumstances as "any consideration, or factors that may justify an increase in the degree of discipline to be imposed." Section 9.31 defines mitigating circumstances as "any considerations, or factors that may justify a reduction in the degree of discipline to be imposed."

a. Applicable aggravating factors are:
   i. Section 9.22(-) refusal to acknowledge the wrongful nature of his conduct.
   ii. Section 9.22(h) vulnerability of victim,
   iii. Section 9.22(i) substantial experience in the practice of law.

b. Applicable mitigating factors are:
   i. Section 9.32(a) absence of a prior disciplinary record.

ii. Section 9.32(g) character and reputation of the lawyer.

35. With the appropriate weight given to the evidence, the appropriate sanctions for Respondent's violations of the Wyoming Rules of Professional Conduct are a public censure and payment of the administrative fee of $500.00 and costs in the amount of $6,945.90. (See attached list of costs.)

## RECOMMENDATION

36. The Board of Professional Responsibility hereby recommends that the Supreme Court of Wyoming impose the following discipline on Respondent Clark Stith:

a. Respondent shall be publicly censured;

b. Respondent shall make full restitution of all costs of prosecuting this matter to the Wyoming State Bar in the amount of $6,945.90 (see attached list of costs), by paying that amount to the Clerk of the Board of Professional Responsibility on or before 1 April 2011; and

c. Respondent shall pay the administrative fee of $500.00 to the Clerk of the Board of Professional Responsibility on or before 1 April 2011.

Dated: 4 February 2011

/s/ Francis E. Stevens

Francis E. Stevens, *Chair*
for the
Board of Professional Responsibility
Wyoming State Bar

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above **Findings of Fact, Conclusions of Law, and Recommendations** was mailed by United States Mail, postage prepaid, on 4 February 2011 to the following:

Clark D. Stith, Respondent
Stith Law Office
505 Broadway
Rock Springs, WY 82901
*clarkstith@wyolawyers.com*
*clarkstith@yahoo.com*

and a copy was hand delivered to:

Mark W. Gifford, Bar Counsel
Wyoming State Bar
P.O. Box 109
Cheyenne, WY 82003

/s/ Patricia F. Becklinger

Patricia F. Becklinger, Clerk
Board of Professional Responsibility